UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

AMSC ASA,
AMERICAN TANKER, INC.,
AMERICAN SHIPPING CORPORATION,   Civil Action: 22 Civ. 10822
ASC LEASING III, INC.,   IN ADMIRALTY
ASC LEASING IV, INC.,

            Plaintiffs,

-vs.-

OVERSEAS SHIPHOLDING GROUP, INC.,
OSG BULK SHIPS, INC.,
OSG AMERICA, L.P.,
OVERSEAS LOS ANGELES, LLC,
OVERSEAS NEW YORK, LLC

            Defendants.

───────────────────────────────────────────────

**ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT
AND GARNISHMENT AND APPOINTING PROCESS SERVER**

On December 22, 2022, Plaintiffs AMSC ASA ("AMSC"), AMERICAN TANKER, INC. ("American Tanker"), AMERICAN SHIPPING CORPORATION ("ASC"), ASC LEASING III, INC. ("ASC Leasing III"), and ASC LEASING IV, INC. ("ASC Leasing IV")(collectively, "Plaintiffs") PREBLE-RISH HAITI, S.A. ("Plaintiff") filed a Verified Complaint against Defendants OVERSEAS SHIPHOLDING GROUP, INC. ("OSG"), OSG BULK SHIPS, INC.

("OSG Bulk"), OSG AMERICA, L.P. ("OSG America"), OVERSEAS LOS ANGELES LLC ("Overseas Los Angeles"), and OVERSEAS NEW YORK LLC ("Overseas New York")(collectively, the "Defendants") in the captioned action seeking damages of not less than **US$4,500,000 (Four Million Five Hundred Thousand)** inclusive of interest, costs and reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. (ECF 1).

On December 27, 2022, an Order directing the clerk to issue Process of Maritime Attachment and Garnishment against all tangible or intangible property belonging to or being held for Defendants OSG AMERICA, L.P. ("OSG America"), OVERSEAS LOS ANGELES LLC ("Overseas Los Angeles"), and OVERSEAS NEW YORK LLC ("Overseas New York")(collectively, the "Rule B Defendants") at garnishees within the District of the Court, including but not limited to, all monies being held in account #XXXXXX7023 in the name of OSG Bulk Ships Inc at JP Morgan Chase, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served in an amount of up to **$4,500,000** pursuant to Rule B was entered.

The Court has reviewed the Verified Complaint and Process of Maritime Attachment and Garnishment, and the Court is satisfied that assets of Rule B Defendants have been deposited into the account located at JP Morgan Chase Bank in New York.

**ACCORDINGLY, IT IS HEREBY**

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendant by garnishees, including but not limited to all monies received from RULE B DEFENDANTS deposited into the account of OSG Bulk Ships Inc. located at JPMorgan Chase Bank, New York, NY upon whom a copy of the Process of Maritime Attachment and Garnishment

may be served in an amount of up to **US $4,500,000.00** (Ten Million Dollars) pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed with or appointed by William R. Bennett, III, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on garnishees in New York and on such additional garnishees as permitted herein; and it is further,

**ORDERED**, that initial service by the designated process server shall be made personally upon the garnishee; and it is further,

**ORDERED**, that at the request of the Garnishee, Plaintiff is required to pay a reasonable fee for processing this attachment, as determined by the Garnishee; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon the Garnishee; and it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), following initial service, supplemental service is deemed to be effective and continuous for any period of time not to exceed 60 days from the date of this order; and it is further,

**ORDERED**, that any Garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is

practicable, advise Plaintiff of such details about the attachment as are reasonably available to it. With respect to the attachment of any funds in a bank account, the Garnishee shall, to the extent known, advise counsel for the Plaintiff of the following details: (1) amount of funds attached, (2) the exact name of the originator and beneficiary as reflected in the wire transfer information, (3) any available details about the purpose of the transfer (e.g., contained in the wire transfer documentation). The requirement for providing information shall be satisfied if the Garnishee furnishes to Plaintiff the payment order for the funds; and it is further,

**ORDERED**, that in the event Plaintiff restrains any assets pursuant to the Attachment Order, within five (5) days of this having occurred Plaintiff shall inform the Court in writing that it has restrained assets and within thirty (30) days of this having occurred shall inform the Court in writing whether it has arranged with Defendant(s) and/or any third parties to establish a separate escrow account into which to transfer funds in the amount of the attached assets, or obtain mutually acceptable substitute security in the amount of such assets, or pay such funds into the Registry of the Court. If the parties are able to agree to an arrangement, then this case will be dismissed without prejudice, and, upon request by Plaintiff, the case will be reopened for the purposes of any necessary proceedings to enforce any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action; and it is further,

**ORDERED**, that this Order shall automatically expire 60 days from the date of its issuance if no assets or other property has been restrained pursuant to this Order, unless the Plaintiff shows good cause for an extension of this Order. Further extensions may be granted in the discretion of the Court, but only upon a showing by Plaintiff of extraordinary circumstances. All applications for extensions shall be made by letter to the Court; and it is further,

**ORDERED**, that upon expiration or vacatur of this Order by reason of the preceding paragraph, this Action may be dismissed without prejudice, without costs, and without further notice to any party. The Plaintiff is directed to submit a letter to the Court informing it of the automatic expiration of the Order.

Dated:   December 27, 2022
         New York, New York

**SO ORDERED**:

_Katherine Polk Failla_
U.S.D.J.